UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                        :

In re                                    :

SOUNDVIEW ELITE LTD., et al..       :

                      Debtors,      :          Bankruptcy No.
-------------------------------------------------------------- X       13-13098 (REG)
                                        :     (Jointly Administered)

ALPHONSE FLETCHER, JR.,         :

                     Appellant,    :

                                       :

                 -v-                  :       14-CV-7666 (JPO)

                                       :

CORINNE BALL, as Chapter 11 Trustee of  :     <u>OPINION AND ORDER</u>

SOUNDVIEW ELITE LTD.,           :

                     Appellee.    :
-------------------------------------------------------------- X

J. PAUL OETKEN, District Judge:

      Alphonse Fletcher, Jr., asks the Court to reconsider its Opinion and Order dated

December 12, 2014 (Dkt. No. 20) (the "Opinion"), with which the Court assumes familiarity.

For the reasons that follow, Fletcher's motion is denied.

## I.    Legal Standard

      "When a district court is acting as an appellate court in a bankruptcy case," Federal Rule

of Bankruptcy Procedure 8022[1] "provides the sole mechanism for filing a motion for rehearing."

---

[1] As of December 1, 2014, an amended version of the Federal Rules of Bankruptcy Procedure
went into effect.  *See* Order of Apr. 25, 2014, adopting amendments to Fed. R. Bankr. P., U.S.
Order 14-0011, *available at* http://www.supremecourt.gov/orders/courtorders/frbk14_d28l.pdf.
The order stated that the new rules "shall govern in all proceedings in bankruptcy cases
thereafter commenced and, insofar as just and practicable, all proceedings then pending."  *Id.*;
*see also In re Saint Vincent's Catholic Med. Ctrs. of N.Y.*, No. 14 Civ. 7370 (KPF), 2015 WL
1379104, at *1 n.2 (S.D.N.Y. Mar. 26, 2015).  The Court concludes that it is just and practicable
to apply the updated version of the rules here.  The rule governing motions for rehearing,
previously numbered Rule 8015, is now numbered Rule 8022.  The amendments to the rule do
not appear to materially alter the substantive standards governing motions for rehearing.
Accordingly, the Court looks to case law interpreting former Rule 8015 for guidance in
interpreting Rule 8022.

*In re Motors Liquidation Co.*, No. 09 Civ. 7794 (RWS), 2010 WL 3565494, at *1 (S.D.N.Y. Sept. 10, 2010) (internal quotation marks omitted).  The standard for granting such a motion, derived from Rule 40 of the Federal Rules of Appellate Procedure, requires the movant "to state with particularity each point of law or fact that the movant believes the district court or BAP has overlooked or misapprehended."  Fed. R. Bankr. P. 8022(a)(2); *see also In re Heath Global, Inc.*, No. 12 Civ. 8966 (RA), 2013 WL 6722773, at *1 (S.D.N.Y. Oct. 9, 2013).  This standard is "strict."  *In re CBI Holding Co.*, No. 01 Civ. 0131 (KMW), 2010 WL 2287013, at *1 (S.D.N.Y. June 7, 2010).  The purpose is not "to allow the movant to reargue his case."  *In re Motors Liquidation Co.*, 2010 WL 3565494, at *1 (internal brackets and quotation marks omitted). Rather, "[t]he sole purpose of rehearing is to direct the court's attention to a material matter of law or fact which it has overlooked in deciding the case, and which, had it been given consideration, would probably have brought about a different result."  *In re CBI Holding Co.*, 2010 WL 2287013, at *1 (internal quotation marks omitted).  In addition, "neither new evidence nor new arguments are considered valid bases" for a motion for rehearing.  *In re Spiegel, Inc.*, No. 06 Civ. 13477 (CM), 2007 WL 2609966, at *2 (S.D.N.Y. Aug. 22, 2007); *see also Freedom Holdings, Inc. v. Spitzer*, 363 F.3d 149, 151 (2d Cir. 2004) (holding that courts do not usually address arguments made for the first time in a petition for rehearing pursuant to Federal Appellate Rule 40).

## II.   Discussion

Fletcher makes four arguments in support of his motion for rehearing.  None of them warrants reconsideration of the Opinion.

First, Fletcher asserts that the Opinion "failed to follow applicable law as (a) the Court may not allow a fiduciary to serve while burdened with a conflict resulting from representation

of an adversary of the estate and (b) a fiduciary's failure to disclose such conflicts is fraud."
(Dkt. No. 21 ("Reconsideration Motion") at 14 (capitalization altered).)  But the Court did not
"fail[] to follow" this principle.  Rather, the Court did not reach the issue of whether to remove a
Chapter 11 trustee who has an undisclosed conflict of interest, as it held that Fletcher had not
made an adequate showing that Trustee Corinne Ball in fact has a conflict of interest.  (*See*
Opinion at 7-8 & n.6.)

Second, Fletcher argues that the Court erred in holding that he had not made a sufficient
showing that Trustee Ball has a conflict of interest.  In support of this argument, Fletcher points
to the same vague connections between Ball and various allegedly interested parties that he
highlighted for the Court in his initial brief on appeal.  (*See* Reconsideration Motion at 12-13,
16-20.)  In fact, much of Fletcher's motion for reconsideration quotes passages—and even
pages—from his brief.  The Court has already considered these allegations and determined that
they are insufficient to establish clear error on the part of the Bankruptcy Court in refusing to
remove Trustee Ball.  (Opinion at 7-8.)[2]

Third, Fletcher contends that the Court "misunderstood the record in part due to the
misleading letter submitted by the Trustee."  (Reconsideration Motion at 7 (capitalization
altered).)  Fletcher catalogues various ways in which he believes that the Court misunderstood
the record, none of which is persuasive.  Of particular note, Fletcher interprets the Bankruptcy
Court's oral order too narrowly when he argues that it rejected only Gerti Muho's motion for

---

[2] Similarly, in support of his argument that the Opinion "erroneously states that Fletcher failed to
show how his 'personal' conflict [with the co-op board of the Dakota] is relevant" to the interests
of the debtors and creditors in this bankruptcy case, Fletcher recites a paragraph from his brief on
appeal.  (Reconsideration Motion at 6 (capitalization altered).)  The Court did not overlook this
paragraph and therefore does not reconsider the Opinion on this basis.

removal of Trustee Ball on the ground that it was barred by laches, and not Fletcher's "joinder motion" for the same.[3]   The Bankruptcy Court's decision on this point was stated generally, without reference to Muho's or Fletcher's motion in particular:  "Then we turn to laches which is probably the strongest reason for . . . denial of the motion to dismiss the trustee because this case has gone on for months."  (*See In re Soundview Elite*, No. 13-13098 (REG) (Bankr. S.D.N.Y.), Dkt. No. 307, at 18-19.)  Accordingly, the Court finds no reason to reconsider its decision to affirm the Bankruptcy Court's rejection of Fletcher's "joinder" in part because it was barred by the doctrine of laches.[4]

Finally, Fletcher takes issue with the Court's determination that he failed to file and serve his brief in a timely manner.  (*See* Opinion at 6.)  Although he concedes that his brief was late, he argues that reconsideration is warranted because "[n]o party . . . was prejudiced" by the delay. (Reconsideration Motion at 15.)  The Court's decision as to Fletcher, however, did not rely on the untimeliness of his filing; the Court also held that Fletcher's appeal fails on the merits.  (*See*

---

[3] Gerti Muho also unsuccessfully appealed the Bankruptcy Court's decision.  (*See* Muho v. Ball, No. 14 Civ. 7045; Opinion.)  Muho has not moved for rehearing.

[4] The Court notes that, later in the same hearing, when asked about Fletcher's motion to remove the Trustee, the Bankruptcy Court stated, "[E]verybody's making all sorts of accusations about the trustee.  Everybody's making accusations about everybody else.  I'm not ruling on anything that is not before me in the form of an appropriate motion."  (*See In re Soundview Elite*, No. 13-13098 (REG) (Bankr. S.D.N.Y.), Dkt. No. 307, at 20.)  Trustee Ball argues that this statement evidences the Bankruptcy Court's refusal to rule on Fletcher's motion, and that therefore that Fletcher's appeal is not ripe for this Court's review.  (Dkt. No. 24 ("Trustee Opp.") at 8-9.) Fletcher disagrees, arguing that he joined Muho's motion to remove the Trustee and that the Bankruptcy Court ruled on his requests.  (Reconsideration Motion at 8-10.)

Although the Trustee's argument is not entirely without merit, the Court concludes that the Bankruptcy Court's actions leading up to this statement indicate that it did, in fact, rule on Fletcher's motion: the Bankruptcy Court allowed Fletcher to argue his motion, considered his arguments, and referenced his name when issuing its ruling.  (*See Id.*, Dkt. No. 307, at 17-19.) Moreover, the court acknowledged, in its written order refusing to remove Trustee Ball, that it had "reviewed" Fletcher's joinder to the motion, and then denied the motion "[f]or the reasons set forth on the record."  (*Id.*, Dkt. No. 306.)

Opinion at 6-8.)  Accordingly, reconsideration of the Court's decision that Fletcher's brief was untimely would not change the result.

In sum, Fletcher has failed to establish any material point of law or fact that the Court overlooked or misapprehended in its Opinion and which probably would have brought about a different result.[5]

## III.   Conclusion

For the foregoing reasons, Fletcher's motion for rehearing is DENIED.  The Clerk of Court is directed to close the motion at Docket Numbers 21 and 23.[6]

SO ORDERED.

Dated:  April 13, 2015
          New York, New York

_____
                J. PAUL OETKEN
            United States District Judge


COPY MAILED TO PRO SE PARTY

---

[5] The Court notes the Trustee's request that the Court "require Fletcher to reimburse the Trustee for her legal expenses and costs associated with defending this frivolous Motion."  (Trustee Opp. at 14.)  Rule 8020 permits a court to "sanction an attorney or party appearing before it for . . . misconduct," but the Court concludes that the Trustee has not made a sufficient showing to merit sanctions.  Accordingly, the request is denied.

[6] Fletcher has filed a notice of appeal (Dkt. No. 23), which has been docketed as a motion for leave to appeal.  Because this case has been terminated, Fletcher may appeal as of right.  *See* 28 U.S.C. § 158(d)(1).  Accordingly, the motion to appeal is denied as moot.